■ In the Matter of ROBERT GIBBS, on Behalf of Himself and All Others Similarly Situated, Appellant, v. CHARLES F. HOWELL, as Supervisor of the Town of Lansing, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered February 20, 1974 in Tompkins County, which, in a proceeding pursuant to section 2-224 of the Village Law, determined the validity and regularity of the elections for the proposed incorporation of the Village of Lansing. Petitioner is a nonresident owner of property situate in the territory sought to be incorporated. He and a number of others similarly situated own approximately 90% of the real property in the proposed territory for the new village, but are not entitled to vote on the proposition (Village Law, § 2-216). He contends he is unconstitutionally disenfranchised in this process under the equal protection clause and in violation of due process (N. Y. Const., art. I, § 11; art. I, § 6), and further attacks the validity of the conduct of the elections. We find no merit in the contention the election was marred by such defects and irregularities as to render it invalid for the reasons set forth at Special Term, and further decide the residency requirement in section 2-216 of the Village Law is constitutionally permissible (see *Matter of Dart* v. *Howell*, 45 A D 2d 47). Judgment affirmed, without costs. Herlihy, P. J., Cooke, Sweeney, Kane and Main, JJ., concur.

■ CITY OF GLEN COVE, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 49894.) — Judgment, Court of Claims, entered on May 26, 1972, affirmed, without costs, on the opinion of Becker, J. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Kane, JJ., concur.

## (June 7, 1974)

■ In the Matter of MARILYN JACOBS, Appellant, v. F. K. A. G. SERVICES, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to dismiss appeal from decision of the Workmen's Compensation Board reopening the case and restoring it to the referee's calendar for further development of the record. Motion granted, without costs, and appeal dismissed on the ground no appeal lies from a nonfinal decision of the board (*Matter of Dunham* v. *Pettibone-Mulliken Corp.*, 36 A D 2d 866). Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.